### YOUNG *v.* THE STATE, 2 Howard, 865.

An indictment may be found at the special terms of the circuit court. Byrd v. State, 1 How., 163, cited and approved.

Error to Copiah circuit court.

At the January special term of the Copiah Circuit Court, 1835, the grand jury found a true bill against William P. Rose for an assault committed on the 25th of said month, on which a bench warrant issued. Rose was taken on the 16th of January, 1836, and entered into bond with the defendant, Young, as surety, in the sum of two hundred dollars. At the May term of said court, 1836, a *scire facias* issued against Young. At the May term, 1837, a judgment final was rendered against said Young for the amount of the recognizance. Upon petition of the defendant, the clerk of the circuit court granted a writ of error returnable to the last December term of this court.

*Harris & Bowie* for plaintiff in error.

*T. F. Collins,* attorney general.

Sharkey, C. J.:

The only question to which our attention has been directed in this case is, whether an indictment can be originated at a special term of the circuit court.    The same question was raised before this court in the case of Byrd v. State, 1 How., 163, 238, and not regarded as error.    The jurisdiction of the circuit court is fixed by the constitution, and whenever such court can be legally held it must possess all its constitutional jurisdiction.    The constitution requires that two circuit courts in each year shall be held in every county, leaving it thus discretionary with the legislature to appoint more terms, if necessary, and by law special terms may be held as often as occasion requires.    Although the act providing for the holding of special terms may seem to limit, to some extent, their jurisdiction with regard to the cases to be tried, yet it is believed that the law did not intend (nor could it do so) to interfere with the undoubted jurisdiction of the court in criminal cases.

The judgment must be affirmed.